IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROBERT EUGENE SAMPSON,** ) | |
| Petitioner, ) | Case No. 7:22-cv-00637 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **HAROLD CLARKE,** ) | Chief United States District Judge |
| Respondent. ) | |

## DISMISSAL ORDER

Robert Eugene Sampson, a Virginia inmate proceeding pro se, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Sampson challenges the validity of his December 2022 conviction in the Circuit Court of Rockingham County, Virginia. Because Sampson is in state custody pursuant to a state court judgment, the petition is properly construed as a petition under 28 U.S.C. § 2254. In re Wright, 826 F.3d 774, 779 (4th Cir. 2016). State court records available online indicate that Sampson did not appeal the judgment and that he has not filed a petition for writ of habeas corpus in state court. Accordingly, Sampson has not yet exhausted his state court remedies, and this court must summarily dismiss the case without prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may not grant relief under § 2254 unless a petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. 28 U.S.C. § 2254(b). To exhaust his state court remedies, Sampson must present his claims to the highest state court with jurisdiction to consider them—in this case, the Supreme Court of Virginia. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Failure to do so "deprive[s] the state courts

of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). Where, as here, a petitioner files a petition in federal court while he still has available state court proceedings in which to litigate his federal claims, the federal court should dismiss the petition without prejudice to allow him to exhaust those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

Under Virginia law, Sampson may file a state habeas petition in the circuit court where he was convicted and appeal any unfavorable ruling to the Supreme Court of Virginia. Alternatively, he may file a state habeas petition directly with the Supreme Court of Virginia. See Va. Code § 8.01-654. Whichever route he pursues, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. The time for filing a state habeas petition has not yet expired, since the petition must be filed "within two years from the date of final judgment in the trial court." Va. Code § 8.01-654(A)(2). The proper form for filing a state habeas petition is set forth in Virginia Code § 8.01-655(B).

For the reasons stated above, Sampson's petition is **DISMISSED WITHOUT PREJUDICE** because he has not yet exhausted his available state court remedies. The Clerk is directed to **STRIKE** this matter from the court's active docket. The Clerk is further directed to send a copy of this order to Sampson.

It is so **ORDERED**.

Entered: April 20, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.04.20 15:23:16
-04'00'

Michael F. Urbanski
Chief United States District Judge

2